UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22038-BLOOM/Otazo-Reyes**

JUAN F. BERENGUER,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Juan F. Berenguer's ("Plaintiff") Motion to Remand, ECF No. [10] ("Motion"), filed on June 10, 2021. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On June 2, 2021, Defendant Lexington Insurance Company ("Lexington" or "Defendant") initiated this case by filing a notice of removal, ECF No. [1] ("Notice"), removing the case from the state court in Florida to federal court. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). In the Notice, Lexington asserts that this case was properly removed pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship,

the defendant or defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which the action was brought. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996). It is axiomatic that a federal district court must remand to state court any case that lacks the necessary jurisdiction or was removed improperly. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, Plaintiff does not dispute that diversity jurisdiction exists, and even acknowledges that the amount in controversy exceeds the requisite jurisdictional amount. *See* ECF No. [10] at 2. Rather, Plaintiff, without explicitly stating so, appears to be arguing that because the state court has personal jurisdiction over Lexington under Florida's long-arm statute, Fla. Stat. § 48.193, this case must be remanded. However, Plaintiff appears to misunderstand the concepts of subject matter jurisdiction and personal jurisdiction. In any event, Plaintiff has cited no authority to support the proposition that a case should be remanded to state court because a defendant is properly subject to personal jurisdiction under state law, when a federal court otherwise possesses subject matter jurisdiction. Frankly, the Court would be surprised if Plaintiff could locate such a case.

Accordingly, the Motion, **ECF No. [10]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

2